UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN WILLIAMS,

                Plaintiff,

-against-

BETH S. COOPER, Director, Employee &
Labor Relations HR,

                Defendants.

20-CV-4125 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C.§ 1983, alleging "violation of Fourth Amendment's prohibition on illegal search & seizure." (ECF No. 1 at 3.) By order dated August 26, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sean Williams brings this action against Beth S. Cooper, the Director of Employee and Labor Relations Human Resources, at NYU Langone Health, where Plaintiff is employed.

> Plaintiff alleges that
>
> NYU Langone Medical Center is send a large portion of my wages to a thrid party without my consent and or a valid court order. I have made numerous phone calls asking NYU for an opportunity to inspect/copy record pertaining to alleged debt. I have sent to NYU cease and desist letter that went unanswered. NYU said that there is nothing that they can do for me. NYU via email if I contact them again about this issue disciplinary action will be taking against me. As a result of NYU taking my money that I worked so hard for, I am now indigent.

*See* ECF No. 1 at 4.

>He requests that this Court
>
>order NYU: 1) to show evidence of a loan undertaking with my wet-ink signature or a valid court order sign by a judge who authorize order; 2) to reinstate my wages that is in the amount of $6,454.44 as of the filing of this document; and 3) to cease and desist sending my wages to a thrid party without my consent.

*Id.* at 5.

Plaintiff attaches to his complaint a copy of an email sent by Defendant on March 24, 2020, advising Plaintiff that he must contact Vermont Child Services to dispute the salary deduction. *Id.* at 11. In the email, Defendant provides Plaintiff with the phone number for Vermont Child Services and advises Plaintiff to stop calling Payroll, as they will be unable to change the deductions until they are given new documentation from Vermont. *Id.* Plaintiff also attaches a to his complaint a copy of an email sent on April 6, 2020 from Austin Bender, Senior Director of Employee and Labor Relations at NYU Langone. In this email, Mr. Bender advised Plaintiff that he has "been repeatedly told that the deduction is a standard garnishment that NYU is required to follow, and that if Plaintiff disagrees with the deduction, he must contact the appropriate governmental authority in Vermont." *Id.* Plaintiff was further advised that he was not to "contact his department, Payroll, or Human Resources over the issue, and that any continued contact would be considered abusive and would result in disciplinary action." *Id.*

A review of this Court's records reveals that on December 18, 2019, Plaintiff filed an action against NYU Hospital Center Finance and Payroll Support, challenging the garnishment of his wages to satisfy his child support obligations. *See Williams v. NYU Hosp. Ctr. Finance and Payroll Support*, ECF 1:19-CV-11612, 1, (Apr. 14, 2020). By order dated April 14, 2020,

the Court dismissed the action for failure to state a claim and denied Plaintiff's request for injunctive relief. *Id.* at 5. Plaintiff filed this action on May 21, 2020.[1]

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of *res judicata* or claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts

---

[1] Plaintiff filed this action without paying the filing fees or submitting a completed and signed request to proceed IFP, that is, without prepayment of fees. By order dated June 1, 2020, Chief Judge McMahon ordered Plaintiff, within thirty days, to pay the filing fees or to submit a completed and signed IFP application. Plaintiff submitted a completed and signed request to proceed IFP on June 11, 2020.

essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff's previous action alleging that Defendant was violating his rights by unlawfully garnishing his wages to satisfy a child support obligation was dismissed for failure to state a claim. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

Because Plaintiff's present action arises out of the same set of facts as the previous action, and the previous action was adjudicated on the merits, this action is barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for injunctive relief and all other requests for relief are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 3, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.